Gueen, J.
delivered the opinion of the court.
The plaintiff in error was presented by the grand jury of Hickman county, for betting on an election. To this presentment, the defendant pleaded in abatement, that the presentment was not made upon the knowledge of any one of the grand *276 jury, nor upon the testimony of any one of the judges, inspectors, clerks, or officers holding the election, but upon the information of Samuel H. Williams-, a person sent for, and.brought before the grand jury; he being neither judge, inspector, nor officer holding said election. To this plea the Attorney General, on behalf of the State, demurred. The court sustained the demurrer, and the defendant appealed to this court.-
. This case raises the question, whether the act of 1841-2, ch. 31, (session acts, p. 29,) authorizes a grand jury to send for witnesses to give evidence concerning the betting on elections; and whether the witnesses they may call 'before them for this purpose, are restricted by the 14th section, to judges, inspectors, clerks and officers holding the election.
The act under consideration, is entitled “an act to suppress illegal voting.” Its provisions relate to the qualification of electors; duty of officers holding elections; penalty for violation of its provisions, &c. The 14th section makes it the duty of grand juries, to present all offences in violation of the act. And to this end, it is made their duty to apply for subpoenas for the judges, inspectors, clerks or officers holding such elections as witnesses, or any. one of them, whom they may believe has-any knowledge of such offence. ‘ '
This section was evidently framed in reference to those of-fences which the act contemplated might be committed in conducting the elections. Hence the limitation of the power of the grand jury to send for witnesses. It was thought, that if any of the offences, refered to, had been committed, the persons specified would most probably be able to prove it. - There was no need, therefore, of extending the power.
The provision in the latter part of the section, whereby it is made unlawful for any person, against whom a witness may have been summoned without his own procurement, to give evidence, to be thereafter summoned, or used as a witness before any grand jury, or petit jury, to give evidence against such person, when- on trial for any offence under this act* cannot extend the previous provisions of the section, so as to authorize, by construction, the grand jury to send for persons, other than those mentioned in the former part of the section.
*277 The 17th section provides, “That whosoever shall bet on any election in this State, shall be guilty of a misdemeanor, and shall be indicted or presented therefor, under the provisions of this act.” •
Those provisions are to be found in.the 14th section, and we have seen, they do not give the grand jury an unlimited license to send for witnesses.
How much soever, we may desire to suppress the immoral practice of betting on elections; interfering as it does with the freedom of the elective franchise; we cannot, in the administration of the law, go beyond the point to which the legislature has gone it its enactment.
It will not do to say, that the reason for restricting the grand jury to a particular class of witnesses in relation to other offences mentioned in'the act, does not apply to this, of betting, and, therefore, we ought to effectuate the supposed intention of the legislature, which must have been, 'that any person whatsoever, should be called in by the grand jury to give evidence of this offence.
This may have been the meaning, and certainly it is most reasonable that they should so have provided;- but we have no means of knowing the intention of the law makers, but by the sense of the language they employ.
This act is highly penal, and must, therefore, be construed strictly, inasmuch as betting on elections is not technically gaming, and, therefore, not within the operation of the law, which requires, that the statutes for the suppression of gaming shall be construed remedially. See Smith vs. The State, Meigs’ Rep. 99.
The judgment must be reversed, and the cause remanded.